UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PAUL C. IMPERIAL,**

        **Plaintiff,**

v.                                      **Case No:  6:16-cv-1431-Orl-40GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

Paul C. Imperial (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant alleges a disability onset date of October 27, 2012. R. 33. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) determining that Claimant has the residual functional capacity ("RFC") to perform light work with some additional non-exertional limitations after failing to adequately weigh and consider Claimant's treating physician's opinion; 2) improperly relying on the vocational expert's testimony after posing and relying on a hypothetical question that did not accurately reflect Claimant's limitations; and 3) failing to adequately assess Claimant's credibility. Doc. No. 19 at 15-20, 29-31, 33-34. For the reasons set forth below, it is **RECOMMENDED** that the case be **REVERSED** and these proceedings **REMANDED**.

    **I.**    **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must

do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS

Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) determining that Claimant has the RFC to perform light work with some additional non-exertional limitations after failing to adequately weigh and consider Claimant's treating physician's opinion; 2) improperly relying on the vocational expert's testimony after posing and relying on a hypothetical question that did not accurately reflect Claimant's limitations; and 3) failing to adequately assess Claimant's credibility. Doc. No. 19 at 15-20, 29-31, 33-34.

### A. Weight Accorded Treating Physician's Opinion

Claimant argues that the ALJ failed to adequately weigh and consider the opinion of his treating physician, Dr. Preganz. Doc. No. 19 at 15-20. On February 27, 2013, Dr. Preganz opined the following regarding Claimant's limitations:

- needs a job that permits shifting at will from sitting, standing, or walking;
- can rarely lift and carry less than ten pounds, and can never carry ten pounds or more;
- can never twist, stoop, or climb stairs, and can rarely crouch or squat; and
- is significantly limited regarding reaching, handling, or fingering.

R. 295. Additionally, Dr. Preganz opined that Claimant would be absent from work more than four days a month due to his impairments or treatment and that his symptoms would constantly interfere with the attention and concentration needed to perform simple work tasks. R. 296. The ALJ gave Dr. Preganz's opinion no weight and assigned Claimant an RFC of light work with some additional non-exertional limitations. R. 13, 21.

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause allowing an ALJ to give a treating physician's opinion less than substantial weight "exists when the: '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Phillips*, 357 F.3d at 1240-41 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)).

The ALJ listed several reasons for giving Dr. Preganz's opinion no weight. R. 20-21. One of those reasons is that "the medical findings in the doctor's records do not support the recommended severe restrictions." R. 20. In support of this conclusion, the ALJ discussed Dr.

Preganz's notes from November 8, 2012, which are the notes in the record closest in time to and made before Dr. Preganz's report setting forth the limitations. R. 21, 273, 294-96. The ALJ said that Dr. Preganz's medical findings that day:

> noted the neck demonstrated significant tenderness over the mid and lower cervical segments, but only mild paracervical spasm over the trapezius and splenis capitis. Examination of the remainder of the dorsal spine demonstrated only mild tenderness over the mid and lower lumbar segments, and only mild paravertebral spasm. Straight leg raising test was negative.

R. 20. The ALJ pointed out that Dr. Preganz's notes from that same examination state that Claimant's "range of motion of his upper extremities was intact, with no impingement of the shoulder joints" and that "[h]andgrip and forearm flexion and extension were only somewhat attenuated on the right." R. 21. These notes contradict Claimant being significantly limited regarding reaching, handling, or fingering.[1]

In response, Claimant relies on the other notes in Dr. Preganz's medical records that indicate that Claimant was having issues with his upper extremities. Doc. No. 19 at 19-20. The majority of these other records were written and based upon examinations in 2014, which was at least one year after Dr. Preganz wrote his report containing the limitations. *Id.* at 20. Claimant does refer to Dr. Preganz's notes of the November 2012 examination, but the Court must decide whether substantial evidence exists to support the ALJ's determination, not whether evidence preponderates against the ALJ's decision. *See Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

The ALJ also discounted Dr. Preganz's opinion because "[t]he course of treatment pursued by the doctor has not been consistent with what one would expect from the claimant's

---

[1] The ALJ noted that on November 8, 2012, Dr. Preganz decreased the dosage for Claimant's prescribed medications. R. 20-21. At the same time, however, Dr. Preganz prescribed a series of cervical epidural injections. R. 273.

alleged impairments." R. 21. In *Mixon v. Colvin*, No. CV415-270, 2016 WL 5477105 (S.D. Ga. Sept. 28, 2016), *report and recommendation adopted at* 2016 WL 7217844 (S.D. Ga. Dec. 13, 2016), the claimant was treated with painkillers and injections. *Id.* at *3. Both the court and the ALJ characterized this as routine and conservative treatment that did not support the treating doctor's extreme limitations regarding the claimant's ability to work. *Id.* at *3-4. The court upheld the ALJ's determination to give the treating doctor's opinion no weight. *Id.* at *4.

Here, the ALJ described the course of treatment as routine and conservative and noted that Claimant's medication dosage decreased. R. 21. During the course of treatment, Claimant was prescribed oxycodone and Flexeril and received several steroid injections, similarly to the course of treatment in *Mixon*. R. 273, 303, 304, 307. As in *Mixon*, the undersigned recommends that the Court uphold the ALJ's determination to give Dr. Preganz's opinion regarding Claimant's limitations no weight based on this routine and conservative treatment.

Because Dr. Preganz's opinion was inconsistent with his own medical records, there was good cause for the ALJ to give it less than substantial weight, and it is recommended that the Court find that the ALJ adequately weighed and considered Dr. Preganz's opinion.

### B.     Reliance on Vocational Expert Testimony

Claimant argues that the hypothetical question addressed to the vocational expert did not adequately reflect Claimant's limitations because the ALJ did not properly weigh Dr. Preganz's opinion. Doc. No. 19 at 29-31. This argument fails, however, because, as discussed above, substantial evidence supports the ALJ affording Dr. Preganz's opinion no weight.

### C.     Credibility Determination

Claimant argues that the ALJ failed to adequately assess Claimant's credibility when the ALJ found the Claimant's testimony "concerning the intensity, persistence and limiting effects of

these symptoms . . . not entirely credible . . . ." Doc. No. 19 at 33-34; R. 21.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[2] Thus, once the pain standard is

---

[2] Social Security Ruling 96-7p, 1996 WL 374186, at *1 (July 2, 1996), which lays out how the ALJ should evaluate the claimant's pain testimony, provides, in relevant part:

> 2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.
>
> 3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
>
> 4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the

satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). The ALJ cannot "reject [the claimant's] statements about the intensity and persistence of [the] pain or other symptoms or about the effect [the] symptoms have on [the claimant's] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p, 1996 WL 374186, at *1. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

One of the ALJ's reasons supporting the credibility determination is supported by substantial evidence. The ALJ relied on a lack of objective medical evidence, noting that "objective diagnostic testing has consistently failed to show significant abnormalities, and does not corroborate the alleged level of severity" and there was no recommendation for surgery. R. 22. The results from the x-rays in the record describe Claimant's impairments as either mild or moderate. R. 286, 291, 310. Although one x-ray result of Claimant's cervical spine did reveal C4-5, C5-6 and C6-7 degenerative joint disease and spondylosis, R. 232, 310, this one result does not counteract the substantial evidence supporting the ALJ's observation that objective diagnostic testing has not consistently shown significant abnormalities.

---

symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

In finding Claimant not entirely credible, the ALJ also stated that Claimant's claim of total inability to work is inconsistent with his activities of daily living. R. 22. The ALJ pointed to Claimant's ability "to do some household chores, occasionally cook, and go to the grocery store." The ALJ stated, "The [C]laimant is able to take care of his own personal hygiene needs, and is able to drive regularly." R. 22. This reliance on Claimant's activities of daily living to find his statements not credible regarding his pain is not supported by substantial evidence. Engaging in activities of daily living of short duration, including housework, is not a sufficient basis standing alone to find a claimant's subjective statements not credible. *See Foote*, 67 F.3d at 1561 (citing to some of claimant's activities of daily living is not sufficient to support conclusion that pain does not affect RFC); *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (participation in everyday activities for short periods of time do not disqualify a claimant from disability); *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) ("Housework, light cooking, and light grocery shopping are minimal daily activities," and "are not dispositive evidence of one's ability to perform sedentary work."); *Bennett v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) ("It is not necessary for a plaintiff's pain to render her bed ridden in order for her to disabled."). Thus, the fact that Claimant admitted to performing some minimal activities of daily living on occasion is not substantial evidence supporting finding Claimant's pain testimony not credible.

The ALJ also wrote in his decision that "a review of the longitudinal . . . medical evidence of record does not document complications due to the impairments that would be disabling under governmental guidelines." R. 22. The ALJ does not explain this statement, however, and on its own it is insufficient to support a negative finding regarding Claimant's credibility. *See Foote*, 67 F.3d at 1561–62 (ALJ must articulate explicit reasons for discrediting

claimant's testimony regarding pain); *King v. Astrue*, No. 3:06-CV-808-J-TEM, 2008 WL 697357, at *8 (M.D. Fla. Mar. 13, 2008) (reversing where the ALJ "did not supply an explanation of how the allegations are inconsistent with the objective evidence, as required by SSR 96-7p.").

Although the lack of objective medical evidence supporting Claimant's pain testimony is based on substantial evidence, under 20 C.F.R. § 404.1529(c)(2) and SSR 96-7p, the ALJ may not rely solely on a lack of objective medical evidence to discount a claimant's testimony regarding pain. Thus, this one reason is not enough to uphold the ALJ's determination regarding Claimant's credibility when the other reasons the ALJ gave for discrediting Claimant do not withstand scrutiny. Additionally, the error is not harmless, as a claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability.[3] *Foote*, 67 F.3d at 1561. Therefore, it is recommended that the Court reverse the ALJ's determination and remand for further proceedings.

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved

---

[3] The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." R. 21.

party from attacking the factual findings on appeal.

      **RECOMMENDED** in Orlando, Florida, on March 28, 2017.

                                                          GREGORY J. KELLY
                                      UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

A. Lee Bentley, III
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Jerome Albanese, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Brian C. Huberty, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224