UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL C. IMPERIAL,

    Plaintiff,

v.                                      Case No: 6:16-cv-1431-Orl-40GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This Social Security appeal comes before the Court on Magistrate Judge Gregory J. Kelly's March 28, 2017 Report and Recommendation. (Doc. 20). Magistrate Judge Kelly recommends that the Commissioner's final decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On April 10, 2017, the Commissioner filed objections to the Magistrate Judge's recommended disposition. (Doc. 21). Plaintiff has not responded to the Commissioner's objections and the time for doing so has passed. This matter is therefore ripe for review.

**I.    BACKGROUND**

While working for a cable company at the age of nineteen, Plaintiff was standing on a ladder when a woman crashed into the ladder with her car, causing Plaintiff to fall approximately thirty feet to the ground. (R. 202). Plaintiff broke his pelvis and wrist and suffered a concussion as a result of the fall. (*Id.*). Thirty years following this accident, Plaintiff's injuries continue to plague him, so much so that Plaintiff stopped working on

1

October 31, 2012 on account of his condition.[1]  (R. 180, 202–203).

On November 30, 2012, at the age of forty-nine, Plaintiff applied for Social Security Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423.  (R. 151–155).  Plaintiff alleges that he suffers from chronic neck and back pain and hypothyroidism.  After conducting a hearing, Administrative Law Judge Bernard Porter (the "ALJ") entered a decision on January 8, 2015 denying Plaintiff's application, finding that Plaintiff was not disabled and had the residual functioning capacity to perform light, unskilled work.  (R. 7–28).  On June 24, 2016, the Appeals Council denied Plaintiff's request for review.  (R. 1–6).  This appeal ensued, and the parties filed their Joint Memorandum on February 27, 2017.  (Doc. 19).

In the Joint Memorandum, Plaintiff challenges the ALJ's decision on three grounds.  First, Plaintiff asserts that the ALJ failed to adequately weigh and consider the opinion of his treating physician.  Second, Plaintiff contends that the ALJ erred by relying on the testimony of the vocational expert after posing a hypothetical that did not accurately reflect Plaintiff's limitations.  Third, Plaintiff claims that the ALJ failed to adequately asses his credibility concerning his subjective complaints of pain.  Plaintiff submits that these three errors caused the ALJ to reach the incorrect conclusion that Plaintiff is not disabled.

Upon consideration of the parties' arguments, and after reviewing the Administrative Record, Magistrate Judge Kelly submitted the instant Report and Recommendation.  Magistrate Judge Kelly concludes that substantial evidence supports the ALJ's determinations on the first two grounds raised by Plaintiff, but that the ALJ erred as to Plaintiff's third point by failing to adequately assess Plaintiff's credibility concerning

---

[1]  The Administrative Record shows that Plaintiff was employed full-time consistently throughout the fifteen years immediately preceding when he stopped working on October 31, 2012.  Plaintiff worked for his final employer for over ten years.  (R. 181).

his subjective complaints of pain. Consequently, the Magistrate Judge recommends that the ALJ's final decision should be reversed and remanded for further proceedings. The Commissioner objects to Magistrate Judge Kelly's recommendation.

## II. STANDARDS OF REVIEW

### A. Review of the Magistrate Judge's Report and Recommendation

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's recommended decision has fourteen days from the date of the recommendation to seek the district judge's review by filing objections to those specific portions of the recommendation disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

### B. Review of the ALJ's Decision

In a Social Security appeal, the Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir.

2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "[The Court] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds that the evidence more likely supports a different conclusion. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

## III. DISCUSSION

The Commissioner objects only to Magistrate Judge Kelly's conclusion that the ALJ failed to adequately assess Plaintiff's credibility concerning his subjective complaints of pain. The Court limits its analysis accordingly.[2]

"To receive disability insurance benefits, a claimant must prove he was disabled on or before the last date for which he was insured." *Martinez v. Comm'r of Soc. Sec.*, 660 F. App'x 787, 791 (11th Cir. 2016) (per curiam). Pertinent to this case, "[p]ain alone can be disabling." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam).

To that end, the Eleventh Circuit has announced a "pain standard" for ALJs to apply when determining whether a claimant is disabled because of pain. The pain standard requires:

> (1) evidence that the claimant has an underlying medical condition; and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition; or (3) that the objectively determined medical

---

[2]  Upon an independent de novo review of the record, the Court agrees with Magistrate Judge Kelly's findings of fact and conclusions of law regarding Plaintiff's first two arguments in the Joint Memorandum.

4

conditions is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Marshall v. Comm'r of Soc. Sec.*, 660 F. App'x 874, 877 (11th Cir. 2016) (per curiam). A claimant's subjective complaints of pain that are confirmed by objective medical evidence will satisfy the pain standard and support a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). However, in cases where the claimant attempts to prove disability solely through subjective testimony about the claimant's pain, the ALJ must assess the claimant's credibility when deciding whether the claimant is disabled. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

To assess a claimant's credibility regarding his subjective complaints of pain, the ALJ "must consider the entire case record, including the objective medical evidence, the [claimant's] own statements about symptoms, statements and other information provided by treating or examining physicians . . . and other persons about the symptoms and how they affect the [claimant], and any other relevant evidence in the case record." SSR 96-7p, 1 Fed. Reg. 34483-01, 34484, 1996 WL 362209 (July 2, 1996). "If the ALJ decides not to credit a claimant's testimony as to [his] pain, [the ALJ] must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. A reviewing court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id.* at 1562. However, a conclusory credibility determination or one that fails to inform the claimant why he is not believed warrants remand. *See id.*

In this case, the ALJ found that Plaintiff suffers from an underlying medical condition, thus satisfying the first part of the pain standard test. (R. 12). While the ALJ found that Plaintiff's subjective statements about his pain were not confirmed by objective medical evidence, the ALJ concluded that Plaintiff's medical condition is of such severity that it can be reasonably expected to give rise to the pain Plaintiff claims, thus satisfying

5

the second part of the pain standard test. (R. 21). The ALJ's decision regarding whether Plaintiff is disabled therefore hinged on an assessment of Plaintiff's credibility.

In that respect, the ALJ had this to say about Plaintiff's credibility:

> After careful consideration of the evidence, the undersigned [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons stated in this decision. While the claimant does have a good work history, and this does bolster his overall credibility, the objective medical evidence shows some impairments that would be expected to reduce the claimant's capacity for heavy work activities, but would not preclude light exertional level work on a sustained basis.
>
> The claimant alleges disabling impairments, but a review of the longitudinal the [sic] medical evidence of record does not document complications due to the impairments that would be disabling under governmental guidelines. The claimant alleged significant restrictions in his ability to perform activities of daily living, but the severity of impairment alleged by the claimant is not supported by objective medical evidence. The objective medical evidence does document a history of back pain, neck pain, and hypothyroidism. However, objective diagnostic testing has consistently failed to show significant abnormalities, and does not corroborate the alleged level of severity. Additionally, the evidence does not contain recommendation [sic] for surgical correction for any of the claimant's conditions.
>
> In addition to objective medical evidence and limited treatment, the claimant has several activities [sic] that are inconsistent with the total inability to work. He is able to do some household chores, occasionally cook, and go to the grocery store. The claimant is able to take care of his own personal hygiene needs, and is able to drive regularly.

(R. 21–22). To summarize, while not entirely clear, the ALJ appears to discount Plaintiff's subjective complaints of pain for three reasons: (1) Plaintiff's alleged pain is not supported by objective medical evidence, (2) Plaintiff's "limited treatment," and (3) Plaintiff engages in daily activities that belie the extent of the pain he alleges.

6

The Court agrees with Magistrate Judge Kelly that the ALJ's credibility determination is inadequate and is not supported by substantial evidence in the record. Regarding the ALJ's third asserted reason for discrediting Plaintiff's subjective statements about his pain, the ALJ mischaracterizes the evidence in the record and departs from the law concerning consideration of a claimant's daily activities. The ALJ specifically references Plaintiff's "[ability] to do some household chores, occasionally cook, and go to the grocery store," along with Plaintiff's "[ability] to take care of his own personal hygiene needs [and] drive regularly." (R. 22). While there is evidence indicating that Plaintiff can vacuum, dust, do laundry, dress himself, and go to the grocery store, the ALJ omits that Plaintiff finds it difficult to physically perform these activities, cannot perform these activities for prolonged periods of time, does not perform these activities regularly, and cannot perform these activities without experiencing immense pain. (R. 42, 45, 51, 200, 215). While there is evidence that Plaintiff occasionally cooks, the ALJ omits that Plaintiff cannot cook for a prolonged period of time, does not cook regularly, and cannot complete the preparation of a meal without taking a break to sit or lie down. (R. 45, 64, 200). While there is evidence that Plaintiff has the capacity to drive a car, there is no evidence indicating that Plaintiff "drive[s] regularly" as the ALJ posits; rather, the evidence in the record shows that Plaintiff finds it painful to drive, avoids driving long distances, and only occasionally drives his daughter a short distance to or from school, amounting to no more than fifteen to twenty miles of driving per week. (R. 36, 201, 212). The ALJ additionally omits that Plaintiff relies almost exclusively on his wife and daughter to perform the household, cooking, and driving activities that the ALJ uses to discredit Plaintiff's subjective complaints of pain. (R. 36, 45, 212, 215). The ALJ ultimately fails to articulate

why Plaintiff is "not entirely credible" and fails to reconcile the vast amount of record evidence that contradicts his conclusion.

Moreover, the ALJ departs from the law concerning the consideration of a claimant's daily activities. It is certainly true that an ALJ may consider a claimant's daily activities when assessing the credibility of the claimant's subjective statements about his pain. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *Bear v. Astrue*, 838 F. Supp. 2d 1267, 1281 (M.D. Fla. 2011). However, it is wholly improper for an ALJ to consider such daily activities if they are of a short duration, limited, and not vigorous. *See, e.g.*, *Lafond v. Comm'r of Soc. Sec.*, No. 6:14-cv-1001-Orl-DAB, 2015 WL 4076943, at *10 (M.D. Fla. July 2, 2015) (finding that ALJ erred by considering evidence that the claimant drove short distances, washed dishes, prepared meals, shopped for groceries, and did her own laundry in assessing the claimant's credibility); *Wolfe v. Comm'r of Soc. Sec.*, No. 6:11-cv-1316-ORL-DAB, 2012 WL 3264916, at *6 (M.D. Fla. Aug. 10, 2012) (finding that ALJ erred by considering evidence that the claimant went grocery shopping, prepared meals, and performed household chores in assessing the claimant's credibility); *cf. Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("Nor do we believe that participation in everyday activities of short duration, such as housework . . . disqualifies a claimant from disability or is inconsistent with the limitations recommended by . . . treating physicians."). Here, there is no evidence in the record indicating that Plaintiff is able to vigorously complete household chores, cook, shop for groceries, or drive for prolonged periods of time and without limitation; in fact, all of the evidence in the record points to the opposite conclusion. The ALJ therefore erred by considering these particular daily activities when assessing Plaintiff's credibility.

Regarding the ALJ's second asserted reason for discrediting Plaintiff's subjective statements about his pain, the ALJ does not explain what is meant by Plaintiff's "limited treatment" or what evidence in the record supports his conclusion that "limited treatment" undermines Plaintiff's complaints of pain. This inadequacy alone is enough to find that the ALJ erred by considering "limited treatment." To the extent the ALJ's reference might mean that he believes Plaintiff pursued and/or received limited medical treatment for his back and neck injuries and hypothyroidism and that this undercuts Plaintiff's contention that the pain he experiences is disabling, the ALJ's conclusion is not supported by any evidence in the record. To the contrary, the record is well-documented that Plaintiff has pursued and received consistent and extensive medical and pharmacological treatment for his conditions since at least 1999. (R. 40–42, 52–53, 202–203, 234–235, 236, 240–250, 251–292, 293–296, 297–309, 314–325, 326–332).

After excluding the ALJ's second and third reasons supporting his credibility determination, the only reason remaining is that Plaintiff's alleged pain is not supported by objective medical evidence. However, while the Court finds that this reason is supported by substantial evidence in the record, it is well-established that an ALJ may not rely on the absence of objective medical evidence confirming the pain alleged as the **sole** reason for rejecting a claimant's subjective complaints about pain. 20 C.F.R. § 404.1529(c)(2); *Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265, 268 (11th Cir. 2011) (per curiam). Without more, the ALJ failed to adequately assess Plaintiff's credibility.

In sum, the ALJ erred in assessing the credibility of Plaintiff's subjective complaints about his pain. Two of the ALJ's three stated reasons for discrediting Plaintiff are not supported by substantial evidence, are not adequately articulated, or depart from the law. And the ALJ's third reason cannot legally serve as the ALJ's only reason for discrediting

9

Plaintiff's testimony. The ALJ's decision must therefore be reversed and remanded for further proceedings.

IV. **CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Commissioner's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 21) are **OVERRULED**.

2. The Magistrate Judge's March 28, 2017 Report and Recommendation (Doc. 20) is **ADOPTED** and **CONFIRMED** and is made a part of this Order.

3. The final decision of the Commissioner (R. 7–28) is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk of Court is **DIRECTED** to enter the following Judgment:

   Judgment is entered in favor of Plaintiff, Paul C. Imperial, and against Defendant, Commissioner of Social Security. The final decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).

5. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on May 19, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record